FRANKLIN A. REGAN, Appellant, v. HERBERT L. DILLON, Respondent, and THOMAS C. EASTMAN, Defendant, Doing Business under the Firm Name and Style of EASTMAN, DILLON & Co.

First Department, January 20, 1922.

**Appeal — security to stay execution pending appeal not limited in absence of satisfactory evidence as to financial condition of judgment debtor.**

It is an abuse of discretion for the court to limit the security required to stay execution pending an appeal to $50,000, a sum less than the amount of the judgment, where there is no satisfactory evidence that the financial condition of the judgment debtor is such that the judgment will be paid if affirmed.

APPEAL by the plaintiff, Franklin A. Regan, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of November, 1921, limiting to the sum of $50,000 the security required to stay execution pending appeal from a judgment for $125,156.90.

*Herman Hoffman* [*George Z. Medalie* of counsel], for the appellant.

*Hirsch, Sherman & Limburg* [*Morris J. Hirsch* of counsel; *Mortimer H. Hess* with him on the brief], for the respondent.

SMITH, J.:

This order is challenged as being an abuse of the discretion of the court. That the right to make the limitation in proper cases exists is not disputed. (See Civil Practice Act, § 568.) It cannot be possible, however, that the Legislature

intended to give to the court the power to limit the undertaking to the sum of $50,000 in all cases where the judgment was for a greater sum, irrespective of the circumstances of the judgment debtor and the probability of the payment of the judgment in case it be affirmed. The discretion which the court is called upon to exercise in passing upon a right under this section is a sound discretion, in consideration of the presumptive right of the plaintiff to his judgment and of his right to have that protected so that it may finally be enforced if the appeal fails. In some cases the judgment has become a lien upon real estate owned by the judgment debtor so as to be partly, if not entirely, secured thereby. In the case under review there is no disclosure as to the financial condition of the judgment debtor. His own affidavit shows that the business conditions at the present time are unfavorable, and while he swears to the contribution of his special partner, and that he has standing to his credit on the books of the partnership the sum of $409,677.54, the business itself is such as not to form sufficient guaranty that the judgment will be paid if affirmed, unless it be secured by an undertaking for the full amount thereof.

In our judgment the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.