## (October 29, 1957)

■ CLEARVIEW ASSOCIATES, INC., Respondent, v. CLEARVIEW GARDENS FIRST CORPORATION et al., Appellants, et al., Defendants.— Appeal from an order denying the motion of the appellants except Clearview Gardens Fifth Corporation, pursuant to subdivision 2 of section 568 of the Civil Practice Act, to limit the security to be furnished by them during the pendency of their appeal. Order reversed, without costs, and motion granted to the extent hereinafter indicated. The security to be furnished by cash or surety company bonds, conditioned on the affirmance of the judgment or the dismissal of the appeal, shall be in the following amounts: On the judgment against Clearview Gardens First Corporation, Clearview Gardens Second Corporation, Clearview Gardens Third Corporation and the individual appellants, the sum of $50,000 on each separate amount of the judgment; on the judgment against Clearview Gardens Fourth Corporation and the individual appellants, the sum of $60,000; on the judgment against Clearview Gardens Sixth Corporation and the individual appellants, the sum of $55,000. In our opinion, the interests of justice call for a limitation of the security. We do not think that a limitation thereof will subject respondent to a possibility of loss if it should succeed on the appeal, even if the judgment impending against it in the New York County action on a decision already rendered against it in favor of the corporate appellant, should be reversed (see, e.g., Regan v. Dillon, 199 App. Div. 622; McNamara v. Powell, 55 N. Y. S. 2d 483, affd. 269 App. Div. 813). Ordinarily, an appellate court may not consider facts not in the record for the purpose of reversing the determination from which the appeal was taken (Kleinfeld v. K-D Lamp Co., 278 App. Div. 793). But, when an appeal from a money judgment of the Supreme Court is pending in the Appellate Division, the latter court has the power to grant a stay pending the deter-

mination of the appeal, without requiring a bond to insure the full payment of the judgment. In view thereof, we have given some consideration to the facts revealed in respondent's papers on its motion to dismiss the appeal on the ground that the issues on the appeal have become moot and academic. The appeal is not moot and academic. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.