Benjamin Brenner, J.
Motion by defendant to limit to $100,000 the amount of security pending his appeal from a judgment against him and, in the meantime, to continue the present stay. The judgment is for $300,260, based upon a verdict rendered by a jury in an action for personal injuries. Defendant’s liability coverage is in the sum of $100,000, and the insurance carrier stands ready to file a bond in the said sum.
Defendant contends that he has no personal assets or collateral security remotely approaching the judgment balance of $200,260 which would remain to be secured, and is therefore unable to post security in such amount. He reaffirms the testimony given by him on an examination before trial that as of June 7, 1957, his assets had been $10,000 in a savings account, $1,000 in checking accounts, and a 1955 Oldsmobile; that he has not been in business and has not been employed since February, 1956; that he has drawn on his accounts to meet living expenses, and that his present assets total approximately $5,000.
Belief is here sought under the provisions of section 568 of the Civil Practice Act which gives the court discretion to limit or dispense with security on appeal. Subdivision 2 of the section reads as follows: “The aggregate sum in which one or more undertakings are required to be given may be limited to not less than fifty thousand dollars, where it would otherwise *877 exceed that sum.” This provision does not necessarily limit the undertaking to the sum specified where the judgment is for a greater sum. The court must consider the circumstances of the judgment debtor and the probability of the payment of the judgment in case it should be affirmed (Regan v. Dillon, 199 App. Div., 622). Thus in the exercise of sound discretion the court must necessarily give due consideration to the presumptive right of the plaintiff to his judgment, and to have it protected for eventual enforcement if the appeal fails (Regan v. Dillon, supra). Security beyond defendant’s financial ability to post might conceivably discourage his right of appeal. On the other hand, if because of the court’s concern to preserve such right of appeal it were to permit inadequate security which threatens plaintiff’s maximum recovery the anomalous result would follow that the interest of the party presumptively entitled to protection is thereby subordinated and possibly defeated (McNamara v. Powell, 55 N. Y. S. 2d, 483, 485, affd. 269 App. Div., 813).
Defendant concedes that he has approximately $5,000 in savings. It is difficult to believe that he looks only to such sum for his future needs, particularly in view of his rather expansive manner of living as revealed by his living expenses of approximately $8,000 for the five-month period since he was examined before trial. In these circumstances plaintiff need not incur the risk that any part of her judgment might remain unsatisfied because of an inadequate undertaking.
The motion is granted to the extent that security required of defendant be limited to the sum of $150,000; otherwise denied except that defendant is granted a continuation of the present stay for a period of 10 days following entry of the order to be made herein.
Settle order on notice.